UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MULTI-TECH SYSTEMS, INC.,

Plaintiff,

v.

NET2PHONE, INC., ET AL.,

Defendant.

Civil No. 00-346 ADM/AJB

**NOTICE OF**
**PRETRIAL CONFERENCE**

TO: Plaintiff above named and to Kevin D. Conneely/Ronald J. Schutz/Darren B. Schwiebert/Jodene Jensen/Misti Nelc, 2800 LaSalle Plaza, 800 LaSalle Avenue, Minneapolis, MN 55402-2015, attorneys for Plaintiff;

Defendant above named and to Dean R. Karau/Lora E. Mitchell, 1100 Int'l Center, 900 2nd Avenue South, Minneapolis, MN 55402-3787; Arthur I. Neustadt/Steven C. Tabackman, 1755 Jefferson Davis Hwy, Arlington, VA 22202; Michael R. Casey, Not Admitted; Richard G. Morgan/David S. Miller, Suite 2600, 150 South 5th Street, Minneapolis, MN 55402; William H. Frankel/Allan J. Sternstein, 3600 NBC Tower, 455 Cityfront Plaza Drive North, Chicago, IL 60611; Meredith M. Addy/Genin E. Kent, Not Admitted; Jeffrey J. Keyes/Jay W. Schlosser/Robert C. Gipson, 2400 IDS Center, 80 South 8th Street, Minneapolis, MN 55402; James E. Parsons, Suite 700, 25 Metro Drive, San Jose, CA 95110; Bryan K. Anderson/Reginald D. Steer/Brian E. Mitchell/Justin T. Beck, Not Admitted; Jeff H. Eckland/William L. Roberts, 2200 Norwest Center, 90 South 7th Street, 55402-3901; Basil Plastiras, Not Admitted; Stephen J. Davidson/Jill H. Bollettieri, 150 5th Street South, Suite 2300, Minneapolis, MN 55402; Charlene M. Morrow/Brent K. Yamashita/Greg Sueoka, Two Palo Alto Square, Suite 800, Palo Alto, CA 94306; Hugh V. Plunkett/Mark B. Peterson, East Bridge at Riverplace, 10 2nd Street Northeast, Suite 114, Minneapolis, MN 55413; Scott J. Bornstein/William A. Brewer, III, Not Admitted; Jerry W. Snider/Julie Knox Chosy, 2200 Norwest Center, 80 South 7th Street, Minneapolis, MN 55402-3901; Jacob M. Holdreith/Ernest W. Grumbles, III, 3400 Plaza VII Building, 45 South 7th Street, Minneapolis, MN 55402; Phillip B. Philbin/Patrick D. Keating, 3100 Nationsbank Plaza, 901 Main Street, Dallas, TX 75202, attorneys for Defendant.

If counsel for all parties are not listed above, it is the responsibility of Plaintiff counsel to (1) immediately notify those parties and counsel of this conference, and (2)

Filed APR 18 2000
Francis E. Dosal, Clerk
Judgment Entered ____________
Deputy Clerk's Initials ____________

inform those parties and counsel of the requirements set forth in this notice.

I. DATE, TIME, PLACE AND PARTICIPANTS

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16 of the Rules of this District as amended effective November 1, 1996, a pretrial conference of trial counsel in the above matter will be held in Chambers at 638 U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota, on May 25, 2000, at 1:45 p.m., before Magistrate Judge Arthur J. Boylan to consider the matters set forth in Rule 16(c), the Rule 26(f) disclosures, and related matters. If all counsel wish to hold the pretrial conference by telephone, please make that request by calling Calendar Clerk Kathy Thobe, (651) 848-1210, after filing the Rule 26(f) report.

II. MEETING, REPORTS AND DISCLOSURES REQUIRED

A. Pursuant to Federal Rule of Civil Procedure 26(f), trial counsel for each party shall meet in person on or before May 8, 2000 to discuss settlement, and to prepare the report required by Rule 26(f) and Local Rule 16.2, as amended effective November 1, 1996.

B. If the case does not settle, no later than May 18, 2000, counsel shall jointly prepare and file with the Clerk of Court a complete written report of the Rule 26(f) meeting. A copy of the report shall also be delivered to chambers of this Court, Room 638, 316 North Robert Street, St. Paul, Minnesota, on or before May 18, 2000. The report shall include:

1. Date and Place of the meeting and identification of the parties and their attorneys

a. The date and place at which the meeting was held;

b. Name, address and occupation or business of each party, together with the name, address and telephone number of the attorneys who represented each party at the meeting; and

c. Name of insurance carriers that may be liable for the defense or

payment of any damage award.

2. Description of the case

a. A concise statement of the jurisdictional basis of the case, giving statutory citation and a brief narrative description;

b. A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses; and

c. A summary itemization of the dollar amount of each element of the alleged damages.

3. Pleadings

a. A statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposes to amend its pleadings;

b. The date by which all motions that seek to amend the pleadings or add parties will be filed; and

c. Whether a jury trial is available under the law, and whether a jury trial has been timely demanded.

4. Discovery Plan (If parties are unable to agree on a discovery plan, the report shall separately set forth each party's proposed plan.)

a. Date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed (if not already completed);

b. Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is commenced;

c. Whether discovery should be conducted in phases, or limited to or focused upon, particular issues;

d. The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B);

e. The number of interrogatories each party shall be permitted to serve;

f. The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take; and

g. The number of expert depositions each party shall be permitted to take.

5. Close of Discovery and Non-Dispositive Motions

The date by which all discovery shall be completed and all non-dispositive motions shall be filed and served.

6. Dispositive Motions and Trial

a. Date by which all dispositive motions shall be served, filed and heard by the Court;

b. Date by which case will be ready for trial;

c. The number of expert witnesses each party expects to call at trial; and

d. Estimated trial time (including jury selection and instructions, if applicable).

C. Unless otherwise agreed by counsel, the initial disclosures under Rule 26(a)(1) shall also be exchanged no later than May 18, 2000.

D. **Each party shall also submit a Letter/Memorandum concerning settlement, which shall remain confidential between the Court and that party. The confidential letter shall be delivered to Magistrate Judge Boylan's chambers at least three days prior to the pretrial conference.**

III. EXERCISE OF JURISDICTION BY U.S. MAGISTRATE JUDGE PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 636(c)

If the parties consent to have this matter tried before the Magistrate Judge, all counsel are requested to sign the enclosed form by May 25, 2000. Send the form directly to:

Gertie Simon
Calendar Clerk to Judge Ann D. Montgomery
13W United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Dated: 4/17/00

ARTHUR J. BOYLAN
United States Magistrate Judge

# UNITED STATES DISTRICT COURT

________________ District of ________________

Plaintiff

v.

Defendant

NOTICE, CONSENT, AND ORDER OF REFERENCE – EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

Case Number:

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. 636(c), and Fed.R.Civ.P. 73, you are hereby notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case hereby voluntarily consent to have a United States magistrate judge conduct any and all further proceedings in the case, including the trial, order the entry of a final judgment, and conduct all post–judgment proceedings.

| Signatures | Party Represented | Date |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## ORDER OF REFERENCE

IT IS HEREBY ORDERED that this case be referred to ________________ United States Magistrate Judge, for all further proceedings and the entry of judgment in accordance with 28 U.S.C. 636(c), Fed.R.Civ.P. 73 and the foregoing consent of the parties.

________________ Date ________________ United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.