**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Multi-Tech Systems, Inc.,

Plaintiff,

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-346 ADM/RLE

v.

Net2Phone, Inc., a Delaware corporation,
Vocaltec Communications, Inc., a Delaware corporation,
Vocaltec Communications, Ltd., an Israeli corporation,
Dialpad.com, Inc., a California corporation,
MediaRing.com, Inc., a California corporation,
Phonefree.com, Inc., a Delaware corporation,
Zeroplus.com, Inc., a Delaware corporation,
E-Net, Inc., a Delaware corporation,
Really Easy Internet, Inc., a Texas corporation,

Defendants.

---

Kevin D. Conneely, Esq., Jodene Jensen, Esq., and Misti Nelc, Esq., Robins, Kaplan, Miller & Ciresi, Minneapolis, Minnesota, appeared for and on behalf of Plaintiff Multi-Tech Systems, Inc.

David S. Miller, Esq., Bowman & Brooke, Minneapolis, Minnesota; Allan J. Sternstein, Esq., Brinks, Hofer, Gilson & Lione, Chicago, Illinois, appeared for and on behalf of Defendant Vocaltec Communications, Inc.

Jay William Schlosser, Esq., Briggs & Morgan, Minneapolis, Minnesota; Bryan K. Anderson, Esq., Skjerven, Morrill, MacPherson, Franklin & Friel, San Jose, California, appeared for and on behalf of Defendant Dialpad.com, Inc.

Jill Hutchinson Bollettieri, Esq., Leonard, Street, and Deinard, Minneapolis, Minnesota; Darryl M. Woo, Esq., Fenwick & West, Palo Alto, California, appeared for and on behalf of Defendant MediaRing.com, Inc.

Julie Knox Chosy, Esq., Faegre & Benson, Minneapolis, Minnesota, appeared for and on behalf of Defendant Zeroplus.com, Inc.

---

FILED JUN 26 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. INTRODUCTION

Plaintiff asserts patent infringement claims against Defendants. On June 15, 2000, the undersigned United States District Judge heard: (1) Defendant Zeroplus.com, Inc.'s motion to sever, or in the alternative, for a protective order [Doc. No. 57]; (2) Defendant MediaRing.com, Inc.'s motion to dismiss for lack of personal jurisdiction, or to sever and transfer [Doc. No. 61]; (3) Defendant Dialpad.com, Inc.'s motion to dismiss, or to sever and transfer [Doc. No. 73]; and (4) Defendant Vocaltec Communications, Inc.'s motion to dismiss or to sever [Doc. No. 79]. For the reasons set forth below, Defendants' motions are granted in part and denied in part.

## II. BACKGROUND

Plaintiff Multi-Tech Systems, Inc. ("Plaintiff") alleges each Defendant in the above-titled action infringed one or more claims of four patents owned by Plaintiff. These patents relate to computer-based communications systems, including the use of computers to transfer data, voice and/or video in packet form over a communications line. See Compl. at 1-2. While the patents all relate to computer-based communications, the products, systems, and methods utilized by each Defendant differ. Plaintiff does not allege that Defendants have contracted or have otherwise been associated with each other in the design or development of the respective technologies.

## III. DISCUSSION

### A. Personal Jurisdiction: Defendant MediaRing

Plaintiff asserts that Defendants, including MediaRing.com, Inc. ("MediaRing"), have "directly, indirectly, contributorily, and/or by inducement" infringed one or more claims of Plaintiff's patents. See Compl. ¶¶ 23, 29, 35, 41. MediaRing is a California corporation created

in 1998. It has no officers, employees, or agents, including agents for service of process, in Minnesota; it does not maintain any property or any bank accounts in Minnesota.

MediaRing is in the data communication technology business. Plaintiff alleges that MediaRing "makes, uses, offers for sale, or sells a product that uses simultaneous voice and data in engaging in telephone calls over telephone lines using Internet Protocol ("IP")." Compl. ¶ 19. Users can make PC-to-PC calls by downloading MediaRing Talk™ software from MediaRing's website. MediaRing claims not to derive any revenue from PC-to-PC calls. See Ng Decl. at 6-7.

PC-to-Phone calls are also made by downloading MediaRing Talk™, but only in conjunction with registering as a ValueFone™ user. MediaRing alleges (1) ValueFone™ is a link to a website provided by another company, DeltaThree, located in Israel, (2) DeltaThree accepts prepayments from the PC user for the voice communication, and (3) DeltaThree reimburses MediaRing for expenses, typically the amount charged by the user's telephone company. Less than 1% of users incurring a charge for ValueFone™ services have Minnesota telephone numbers. MediaRing maintains that both its PC-to-PC and PC-to-Phone programs are provided for free or at cost to attract consumers to view MediaRing-posted advertisements, MediaRing's primary revenue source.

On June 2, 1999, MediaRing representatives traveled to Minnesota, met with Plaintiff, and proposed two business plans in which Plaintiff would bundle MediaRing's allegedly infringing software with Plaintiff's modems. See Sharma Decl. ¶¶ 6-10.

MediaRing argues that this Court may not properly exercise personal jurisdiction over MediaRing. In response, Plaintiff need only submit evidence that, when viewed in the light most favorable to Plaintiff, establishes a prima facie case of personal jurisdiction. See Aero Sys.

Eng'g, Inc. v. Opron, Inc., 21 F. Supp.2d 990, 995 (D. Minn. 1998). Plaintiff asserts that this Court has specific, as opposed to general, jurisdiction over MediaRing. Specific jurisdiction is conferred "when a controversy is related to or arises out of a defendant's contacts with the forum, and there is a relationship among the defendant, the forum, and the litigation." Minnesota Mining & Mfg. Co. v. Nippon Carbide Indus. Co., Inc., 63 F.3d 694, 697 (8th Cir. 1995).

Generally, two independent inquiries inform an assessment of personal jurisdiction: (1) whether the applicable state long-arm statute, Minn. Stat. § 543.19, is satisfied, and (2) whether this Court's exercise of jurisdiction is consistent with the requisites of due process. See 3D Sys., Inc. v. Aarotech Labs., Inc., 160 F.3d 1373, 1376-77 (Fed. Cir. 1998). The Eighth Circuit has recognized, however, that Minnesota has interpreted its long-arm statute to be coextensive with the limits of due process. See Minnesota Mining, 63 F.3d at 697. Accordingly, the present analysis collapses the two inquiries, focusing solely on whether exercising personal jurisdiction over MediaRing comports with federal due process. See id.; see also 3D Systems, 160 F.3d at 1376-77.

The Federal Circuit has exclusive jurisdiction over appeals from district courts whose jurisdiction is based on a claim arising under the patent laws of the United States. 3D Systems, 160 F.3d at 1377. "Federal Circuit law, rather than regional circuit law, applies" when assessing the due process component of personal jurisdiction in the instant case because the claims arise under patent law. Id. The Federal Circuit considers three factors in determining whether specific personal jurisdiction exists:

> (1) whether the defendant purposefully directed its activities at residents of the forum, (2) whether the claim arises out of or relates to those activities, and (3) whether assertion of personal jurisdiction

is reasonable and fair.

Id. at 1378. Plaintiff argues personal jurisdiction should be exercised because "(1) MediaRing has offered to sell, sold, and encouraged the use of its infringing products to Minnesota users through its website; (2) over12,000 users that registered on MediaRing's web site are Minnesota residents;" (3) MediaRing generated approximately $1,100 in revenue from 126 Minnesotans who made PC-to-Phone calls; "(4) MediaRing traveled to Minnesota, met with Multi-Tech, and proposed two business deals in which Multi-Tech would bundle MediaRing's infringing software with Multi-Tech modems; and (5) MediaRing bundles its infringing software with 3Com modems, which are offered for sale and are sold to Minnesota residents in Minnesota." Pl.'s Mem. Opp. to MediaRing Mot. at 2.

The Federal Circuit has not yet addressed personal jurisdiction in the Internet context.[1] The District of Columbia's Court of Appeals, however, recently articulated the danger of basing personal jurisdiction on the mere accessibility of a defendant's website:

> This theory [of accessibility] simply cannot hold water. Indeed, under this view, personal jurisdiction in Internet-related cases would almost always be found in any forum in the country. We do not believe that the advent of advanced technology, say, as with the Internet, should vitiate long-held and inviolate principles of federal court jurisdiction. The Due Process Clause exists, in part, to give "a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *In the context of the Internet, [the defendant]'s expansive theory of personal jurisdiction would shred these constitutional assurances out*

[1] Circuits addressing the issue include GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343, (D.C. Cir. 2000); Mink v. AAAA Development LLC, 190 F.3d 333 (5th Cir. 1999); Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414 (9th Cir. 1997); Benusan Restaurant Corp. v. King, 937 F. Supp. 295 (S.D.N.Y. 1996), *aff'd*, 126 F.3d 25 (2nd Cir. 1997); and CompuServe, Inc. v. Patterson, 89 F.3d 1257 (6th Cir. 1996).

> *of practical existence. Our sister circuits have not accepted such an approach, and neither shall we.* [Emphasis added].

GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343, 1350 (D.C. Cir. 2000) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). Plaintiff may not simply rely on the fact that "over 12,000 users that registered on MediaRing's website are Minnesota residents." In determining whether personal jurisdiction may be constitutionally exercised over MediaRing, the Court must assess the "nature and quality of commercial activity that an entity conducts over the Internet." Mink v. AAAA Development LLC, 190 F.3d 333, 336 (5th Cir. 1999) (quoting Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)). In other words, the nature and quality of the commercial activity conducted on the Internet determine whether defendants purposely availed themselves of the benefits and protections of Minnesota law.

In determining the nature and quality of Internet commercial activity, courts have found it helpful to assess the particular type of Internet use involved. Internet use falls into "a spectrum of three areas." Mink, 190 F.3d at 336. At one end of the spectrum, "a defendant clearly does business over the Internet by entering into contracts with residents of other states . . . ." Id. Activities conducted at this end of the spectrum generally support exercise of personal jurisdiction. See id. (citing CompuServe, Inc. v. Patterson, 89 F.3d 1257 (6th Cir. 1996)).

At the other end of the spectrum, a defendant "merely establishes a passive website that does nothing more than advertise on the Internet." Id. Activities conducted at the "passive" end of the spectrum generally do not support exercise of personal jurisdiction. Id. (citing Benusan Restaurant Corp. v. King, 937 F. Supp. 295 (S.D.N.Y. 1996), *aff'd*, 126 F.3d 25 (2nd Cir. 1997)).

In the middle of the spectrum, a defendant's website "allows a user to exchange information with a host computer." Id. Activities conducted "mid-spectrum" are assessed to determine "the level of interactivity and commercial nature of the exchange of information that occurs" on the web page. Id.

Assessed in the light most favorable to Plaintiff, the contact between Plaintiff and MediaRing appears to fall at the "Internet business" end of the spectrum. In the seminal case of Zippo, the court reasoned that "[i]f the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet computer network, personal jurisdiction over defendant is proper." Zippo, 952 F. Supp. at 1124. The relationship between the ValueFone™ web link and MediaRing is unclear at this juncture. Nonetheless, users must pay for PC-to-Phone calls with a credit card, essentially entering into contracts with MediaRing. Both the free and paid transactions emanating from MediaRing's website require the transmission of computer files over the Internet.

By providing PC-to-PC and PC-to-Phone programs for free or at cost to attract consumers to posted advertisements on its website, MediaRing recognizes that these programs are vital to its marketing strategy and revenue generation. The nature and quality of MediaRing's Internet commercial activity indicate sufficient minimum contacts with Minnesota. Sufficient minimum contacts are also established "mid-spectrum" given the substantial level of interactivity and the commercial nature of the exchange of information that occurs on the website.

Additionally, MediaRing representatives telephoned, and later met with, Plaintiff in Minnesota to discuss two business proposals allegedly relating to the patent technology at issue. See Sharma, Decl. ¶¶ 6-10; Harleman Decl. ¶¶ 7-9, 11-13. As follow-up to the meetings,

MediaRing sent several e-mails to Plaintiff. See Harleman Decl. ¶¶ 15-18, Ex. C, D, E. These actions by MediaRing, coupled with the commercial nature of its website, were purposefully directed at Minnesota, satisfying the requirements of the first factor of the personal jurisdiction analysis.

The second factor to be considered is whether the cause of action arises out of or relates to those activities. Patent infringement occurs when someone "without authority makes, uses, offers to sell or sells any patented invention." 35 U.S.C. § 271(a) (1994). For the purposes of the present motion only, the Court assumes it is the use of the interactive technology itself that allegedly infringes Plaintiff's patents. The relationship between infringing interactive technology and the "wrong" alleged is aptly addressed by one district court:

> [T]his case is unusual because the use of interactive technology itself allegedly infringes the plaintiff's patent. Specific personal jurisdiction depends on the nature and quality of the defendant's contacts with the forum, so obviously a case in which the contact itself is the wrong is a stronger case for jurisdiction than one in which the contact merely relates to the wrong.

CoolSavings.com., Inc. v. IQ.Commerce Corp., 53 F. Supp.2d 1000, 1003 n.3 (N.D. Ill. 1999). MediaRing's forum-related conduct of making its interactive technology available for use by Minnesota residents forms the basis of the alleged infringement. Because contact between the user and MediaRing's software is the "wrong," its presents an enhanced case for asserting jurisdiction. Similarly, in general terms, MediaRing's offer to sell its allegedly infringing software to Plaintiff as part of MediaRing's business proposals is sufficient to meet the second factor. See 3D Systems, 160 F.3d at 1378; see also CoolSavings, 53 F. Supp.2d at 1003. Plaintiff's claims of infringement arise out of consumers' use of the interactive technology itself

and business plans incorporating the accused technology.

The third factor of the analysis places the burden on MediaRing to "prove that jurisdiction would be constitutionally unreasonable." 3D Systems, 160 F.3d at 1380. Constitutional unreasonableness is assessed under:

> a multi-factored balancing test that weighs any burdens on the defendant against various countervailing considerations, including the plaintiff's interest in the convenient forum and the forum state's interest in resolving controversies flowing from in-state events.. . . Put succinctly, "such defeats of otherwise constitutional personal jurisdiction 'are limited to the *rare situation* in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum.'"

Viam Corp., 84 F.3d at 429 (quoting Akro Corp. v. Luker, 45 F.3d 1541, 1549 (Fed. Cir. 1995) (internal citations omitted) (emphasis added). MediaRing has not met its high burden of proving that the interests of Plaintiff and Minnesota in adjudicating the dispute in this forum are so attenuated as to be inherently unfair. Instead, MediaRing argues against (1) establishing "nationwide jurisdiction" through the Internet, (2) basing personal jurisdiction on its passive advertising, (3) crippling MediaRing with a substantial financial burden, and (4) maintaining this action in Minnesota, a state without "a particular interest in this suit [that is] based upon federal patent law." MediaRing's Mem. Supp. Mot. Dismiss at 14.

Contrary to MediaRing's first two points, MediaRing's website is not the sole basis for this Court's exercise of personal jurisdiction; MediaRing's representatives entered Minnesota and discussed business proposals incorporating the allegedly infringing technology. As noted by the court in CoolSavings:

> [i]t may seem unfair to subject [defendant] to personal jurisdiction

> almost anywhere in the country, but to us it seems even more unfair to allow [defendant] to introduce its program to the entire country while remaining subject to personal jurisdiction only in its home state and thus requiring patentees from all over the country to go to [defendant's state] in order to litigate their infringement claims.

53 F. Supp.2d at 1003. Moreover, the David and Goliath analogy implicitly drawn by MediaRing is insufficient to show constitutional unreasonableness. Finally, Minnesota has a legitimate interest in protecting the patents of its residents.

Plaintiff has carried its burden in presenting a prima facie case sufficient to satisfy the first two components of the personal jurisdiction analysis. MediaRing has not met its heavy burden in rebutting this jurisdiction by establishing the third analytical component. Asserting specific personal jurisdiction under the present facts comports with federal due process.

**B. Severance**

Fed. R. Civ. P. 20(a) addresses the permissive joinder of defendants and provides that:

> [a]ll persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or *arising out of the same transactions, occurrences, or series of transactions or occurrences* <u>*and*</u> *if any question of law or fact common to all defendants will arise in the action.*

(Emphasis added). In short, Plaintiff must show (1) its right to relief arises out of the same transaction or occurrence and (2) a common question of law or fact common to all defendants. "The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." <u>Mosley v. General Motors Corp.</u>, 497 F.2d 1330, 1332 (8th Cir. 1974) citing 7 C. Wright, Federal Practice & Procedure, § 1652 at 265 (1972).

Rule 20 requires "an allegation of joint action." Movie Systems, Inc. v. Abel, et al., 99 F.R.D. 129, 130 (D. Minn. 1983). Joinder is inappropriate, however, when "the operative facts of each transaction are distinct and unrelated to any other . . . ." Id. Consequently, where patent infringement claims are brought against multiple, unrelated defendants, courts have held joinder to be inappropriate pursuant to Rule 20. See, e.g., Androphy v. Smith & Nephew, Inc., 31 F. Supp.2d 620, 623 (N.D. Ill. 1998) citing Magnavox Co. v. APF Elec., 496 F. Supp. 29 (N.D. Ill. 1980) and New Jersey Mach., Inc. v. Alford Indus., Inc., 21 U.S.P.Q.2d 2033, (D.N.J. 1991).

In the patent infringement context, courts sever defendants that are "separate companies that independently design, manufacture and sell different products in competition with each other." Androphy, 31 F. Supp.2d at 623. Competition between defendants is often sufficient to undermine the "common transaction or occurrence" component of Rule 20. For example, the court in Magnavox reasoned:

> Plaintiffs argue that the similarity of products sold . . . is sufficient to satisfy the same transaction or occurrence test of Rule 20(a).
>
> The complaint, however, is devoid of allegations concerning any connection between the television games . . ., except that they are all alleged to infringe plaintiffs' patents. *[T]here is no indication on this record that the development, marketing or sales effort involving the different products are related in any way.* Therefore, plaintiffs are not asserting "any right to relief . . . arising out of the same transaction, occurrences or series of transactions or occurrences" against all defendants.

Magnavox, 496 F. Supp. at 34 (emphasis added). Similarly, the district court in New Jersey Machine held that "infringement of the same patent by different machines and parties does not constitute the same transaction or occurrence" where:

> [f]irst, the parties are unrelated, and in fact, compete in the same marketplace. Additionally, marketing and sales efforts concerning

> the allegedly infringing machines are not common between the parties. More significantly, however, the plaintiff fails to adequately allege or support any connection or substantial similarity between the machines of [each defendant].

New Jersey Machine, 21 U.S.P.Q.2d at 2034-35 (footnotes omitted).

In the present case, Plaintiff asserts infringement claims against unrelated defendants who primarily compete in the same marketplace and provide independent products and services.[2] The only common thread running through the Complaint is Plaintiff's contention that each Defendant infringed one or more of the four patents. Each accused device, however, will have to be considered separately, and the determination of facts and the scope of testimony with respect to one defendant will have little relevance to issues raised by another defendant. Additionally, Plaintiff has failed to make any showing that joinder is necessary to further principles of fundamental fairness, to promote trial convenience, or to expedite the final determination of the instant dispute.

Accordingly, pursuant to Rule 21(a), the claims against Defendants Zeroplus.com, Inc., MediaRing.com, Inc., Dialpad.com, Inc., and Vocaltec Communications, Inc. are severed and will proceed separately.

**C. Transfer**

Defendants MediaRing and Dialpad.com, Inc. ("Dialpad") move to transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1404(a) which provides that "[f]or the

---

[2] In addition to the above-titled action, Plaintiff has filed three separate suits against three other defendants. All three cases have been assigned to this Court. See Multi-Tech Sys., Inc. v. Gateway 2000, Inc., 00-CV-295 (D. Minn., Feb. 8, 2000); Multi-Tech Sys., Inc. v. Dell Computer Corp., 00-CV-296 (D. Minn., Feb. 8, 2000); Multi-Tech Sys., Inc. v. Compaq, Corp., 00-CV-297 (D. Minn., Feb. 8, 2000).

convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In this case, there is no dispute that Plaintiff could have properly commenced this action in the Northern District of California.

The Court must consider: (1) the convenience of the parties, (2) the convenience of nonparty witnesses, and (3) the interests of justice. See Radisson Hotels Int'l Inc. v. Westin Hotel Co., 931 F. Supp. 638, 641 (D. Minn. 1996). While the plaintiff's choice of forum is an important factor, it may be overcome by a showing that the balance of the factors favors transfer. See Skyline Displays, Inc. v. Sweeney, 634 F. Supp. 746, 748 (D. Minn. 1986).

MediaRing and Dialpad maintain that the location of the operative facts and the ease of access to relevant evidence favors the Northern District of California, site of their principal place of businesses, servers, and accused technology. In addition, they argue that the majority of their pertinent witnesses are located in Northern California. In response, Plaintiff argues that its documents as well as pertinent witnesses are located primarily in Minnesota.

The convenience of the parties and witnesses are equally balanced, or, at best, weigh only slightly in favor of transfer. Accordingly, MediaRing and Dialpad have failed "to show that the balance of the factors 'strongly' favors the movant." Graff v. Qwest Communications, Corp., 33 F. Supp.2d 1117, 1121 (D. Minn. 1999).

Though a court may consider many factors, the interests of justice is afforded more weight. See, e.g., Graff, 33 F. Supp.2d at 1122; Radisson Hotels, 931 F. Supp. at 641. Plaintiff has brought suit against nine defendants in the above-titled action, and against three defendants in three separate cases. Plaintiff has also been named as a defendant in a recently filed case to be

assigned to this Court.[3]

Maintaining this case in Minnesota is more efficient and convenient for the parties because this Court has been assigned other cases pertaining to the same patents at issue in the instant action. The Court will be well-positioned to construe patent claims, determine validity, and identify prior art in a consistent manner. Moreover, resolving the claims pertaining to the same patents in this forum will eliminate duplicative discovery as well as the possibility of conflicting claim constructions.

Denying transfer will conserve judicial resources. Therefore, this Court finds that the balance of factors weigh against transfer.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motions to Sever [Doc. Nos. 57, 61, 73 and 79] are **GRANTED** and all motions to dismiss are **DENIED**. Accordingly, the claims between Plaintiff and Defendants Zeroplus.com, Inc., MediaRing.com, Inc., Dialpad.com, Inc., and Vocaltec Communications, Inc. are hereby severed. The Clerk shall open new files for each of the severed Defendants by use of spaces on the patent case assignment list, thus assigning new case numbers. These cases shall be assigned to Judge Ann D. Montgomery. The Clerk of the Court shall not collect any additional filing fees for these actions.

2. Defendant MediaRing.com, Inc.'s motion to dismiss for lack of personal

---

[3] Microsoft Corp. v. Multi-Tech Sys., Inc., 00-CV-1412 (D. Minn., June 9, 2000).

jurisdiction, or in the alternative to transfer [Doc. No. 61] is **DENIED**; and

3. Defendant Dialpad.com, Inc.'s motion to transfer [Doc. No. 73] is **DENIED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: June 26, 2000

NEW CASE NUMBERS

Multi-tech Systems vs Zeroplus.com, Inc - 00-1538 ADM/RLE

Multi-tech Systems v. MediaRing.com, Inc - 00-1539 ADM/RLE

Multi-tech Systems v. Dialpad.com, Inc. - 00-1540 ADM/RLE

Multi-tech Systems v. Vocaltec Communications 00-1541 ADM/RLE