**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

MULTI-TECH SYSTEMS, INC.,
a Minnesota Corporation,

Plaintiff,

v.

PHONEFREE.COM INC., a
Delaware Corporation,

Defendant.

Case No. 00-CV-346 (ADM/RLE)

**STIPULATION AND ORDER TO AMEND COMPLAINT AND TO MODIFY PRETRIAL ORDER**

Plaintiff Multi-Tech Systems, Inc. ("Multi-Tech") and defendant PhoneFree.com Inc. ("PhoneFree") stipulate to the following, subject to the Court's approval:

1. Multi-Tech may serve and file a First Amended Complaint in the form attached hereto as Exhibit A. In the First Amended Complaint, Multi-Tech asserts that PhoneFree infringes one additional patent: U.S. Patent No. 5,790,532 ("the '532 patent").

2. In view of the expanded scope of this case, represented by amendment to add the '532 patent, the October 17, 2000 Pretrial Order shall be modified by extending the following discovery deadlines:

| Description | Present Date | Stipulated Date |
|---|---|---|
| Exchange of Initial Expert Reports | October 22, 2001 | December 20, 2001 |
| Exchange of Rebuttal Expert Reports | November 21, 2001 | January 21, 2002 |
| Close of Discovery | August 31, 2001 | October 31, 2001 |
| Nondispositive Motions and Hearing Completed | November 20, 2001 | January 20, 2002 |

146

FEB 16 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

| Description | Present Date | Stipulated Date |
|---|---|---|
| Dispositive Motions and Hearing Completed | May 1, 2002 | July 1, 2002 |
| Ready for Trial | May 1, 2002 | July 1, 2002 |

3. PhoneFree's claim chart regarding the '532 patent shall be served thirty (30) days after the Court enters Multi-Tech's First Amended Complaint.

4. PhoneFree's prior art statement shall be served ninety (90) days after the Court enters Multi-Tech's First Amended Complaint.

5. Multi-Tech's prior art statement shall be served thirty (30) days of its receipt of PhoneFree's prior art statement.

6. The Pretrial Order shall be modified further to increase the number of interrogatories from 100 to 125 per side, and increase the number of depositions from 20 to 25 per side.

7. To the extent any deadlines set forth in the Pretrial Order are inconsistent with the discovery deadlines set forth above in this Stipulation, all such prior deadlines are superceded.

Dated this 15 day of Feb., 2001.

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

BY: ______________________

Ronald J. Schutz (#130849)
Kevin D. Conneely (#192703)
Ken R. Hall (#247017)
Darren B. Schwiebert (#260642)
Jodene Jensen (#277216)
Misti Nelc (#296090)
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402-2015
Phone: (612) 349-8500

**ATTORNEYS FOR PLAINTIFF MULTI-TECH SYSTEMS, INC.**

Dated this 12 day of February, 2001.

**MOSS & BARNETT**
Mark B. Peterson, Esq.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 347-0300

and

**BICKEL & BREWER**

BY: ______________________

Porter F. Fleming
885 Third Avenue, Suite 3040
New York, NY 10022

**ATTORNEY FOR DEFENDANT PHONEFREE.COM INC.**

**IT IS SO ORDERED.**

Dated this 16th day of February 2001.

Raymond L. Erickson
United States Magistrate Judge

131309.1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Case No. 00-CV-346 ADM/RLE

MULTI-TECH SYSTEMS, INC.,
a Minnesota corporation,

Plaintiff,

**AMENDED COMPLAINT**

v.

**Jury Trial Demanded**

PHONEFREE.COM INC., a
Delaware corporation,

Defendant.

Plaintiff MULTI-TECH SYSTEMS, INC., as and for its Amended Complaint herein, states as follows:

## INTRODUCTION

This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. §§ 101 et seq., against PhoneFree.com Inc. ("Defendant") for infringing five patents ("Multi-Tech Patents") owned by Multi-Tech Systems, Inc. ("Multi-Tech"). The five Multi-Tech Patents relate to computer-based communication systems, including the use of computers to transfer data, voice and/or video in packet form over a communications line. Multi-Tech's patents pioneered the data-voice-video convergence technologies being used today.

## PARTIES AND JURISDICTION

1. Plaintiff Multi-Tech is a Minnesota corporation with its principal place of business in Mounds View, Minnesota. Multi-Tech is engaged in the business of designing, manufacturing, and selling data communication technology.

2. Defendant PhoneFree.com Inc. is a Delaware corporation with its principal place of business in New York, New York.

3. This Court has subject matter jurisdiction pursuant to Title 28 U.S.C. § 1331 and § 1338(a). Venue is proper in this District under the provisions of Title 28 U.S.C. §§ 1391(c) and 1400(b), in that the Defendant has done business in this District and has committed acts of infringement in this District.

**FACTUAL BACKGROUND**

4. Multi-Tech is a privately-held company founded by Raghu Sharma ("Sharma") in 1970. Sharma came to the Twin Cities from India on a University of Minnesota teaching assistantship to study Electrical Engineering. Shortly after he earned his Ph.D. in Electrical Engineering, Sharma founded Multi-Tech with a $300 investment. After starting out in a closet-sized office in a drugstore basement, Multi-Tech now operates out of its corporate headquarters in Mounds View, Minnesota, and also has facilities in China, France, Germany, India, the Netherlands, and the United Kingdom.

5. Starting as a modem manufacturer, Multi-Tech now is one of the world's leading providers of a variety of data communication hardware and software products, including modems. Multi-Tech divides its products into four general categories: remote-access products, Internet/intranet access, client access, and multi-user access.

6. Multi-Tech's patents pioneered the data-voice-video convergence technologies being used today. Most computer users employ modem technology to connect to the Internet and communicate with others over a communications line. In 1992, Multi-Tech introduced the world's first Digital Simultaneous Voice and Data (DSVD) modem, the MultiModemPCS™. The transfer of simultaneous voice and data is accomplished by digitizing, compressing, and packetizing the voice

signal so that the voice signal can be combined with data packets and sent as a single stream of information.

7. Multi-Tech has been acknowledged as a pioneer in this area. For example, the Microsoft Press Computer Dictionary 145 (3d ed. 1997) defines DSVD as a technology patented by Multi-Tech:

> **Digital Simultaneous Voice and Data**. n. A modem technology, patented by Multi-Tech Systems, Inc., that allows a single telephone line to be used for conversation together with data transfer. This is accomplished by switching to packet-mode communications when the need for voice transfer is detected; digitized voice packets are then transferred along with data and command packets.

8. Another example of the acknowledgment of Multi-Tech as a pioneer appears in The Computer Desktop Encyclopedia 873 (2d ed. 1999):

> **SVD** (Simultaneous Voice and Data) The concurrent transmission of voice and data by modem over a single analog telephone line. The first SVD technologies on the market [include] MultiTech's MSP . . . .

9. Another example of market recognition of Multi-Tech's inventions relating to this technology appeared in a December 1997 review of a new Multi-Tech modem: "MultiTech Systems, the company that invented digital simultaneous voice and data (DSVD) technology, has released a 56Kbps solution in the MultiModem MT5600DX K56Flex data/fax modem." Karen J. Bannan, The MultiModem MT5600ZDX56Kbps Fax Modem Is Built for Speed, Computer Shopper, Dec. 1997.

10. The Defendant makes, uses, offers for sale, and/or sells a product that uses simultaneous voice and video or data in engaging in telephone calls over telephone lines using Internet Protocol ("IP"). Examples of this type of telephone call include, without limitation, Personal Computer ("PC") to Phone, PC to PC, Phone to PC, and Phone to Phone.

**COUNT I - PATENT INFRINGEMENT (U.S. PATENT NO. 5,452,289)**

11. Multi-Tech restates and realleges the allegations set forth in paragraphs 1 through 10 and incorporates them by reference.

12. On September 19, 1995, United States Patent No. 5,452,289 ("'289 patent") entitled "Computer-Based Multifunction Personal Communications System" was awarded to Multi-Tech, as assignee of the inventors, Raghu Sharma, Jeffrey P. Davis, Timothy D. Gunn, Ping Li, Sidhartha Maitra, Ashish Thanawala, and Steve Young.

13. The Defendant has directly, indirectly, contributorily, and/or by inducement infringed one or more claims of the '289 patent in this District and elsewhere in the United States and will continue to do so unless enjoined by this Court.

14. Upon information and belief, the Defendant has knowledge of the '289 patent as a result of Multi-Tech's marking of its products pursuant to 35 U.S.C. § 287.

15. The Defendant's infringement of the '289 patent has injured Multi-Tech and will continue to do so unless enjoined by this Court.

16. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Multi-Tech hereby demands a jury trial on its cause of action for patent infringement set forth in COUNT I.

**COUNT II - PATENT INFRINGEMENT (U.S. PATENT NO. 5,471,470)**

17. Multi-Tech restates and realleges the allegations set forth in paragraphs 1 through 16 and incorporates them by reference.

18. On November 28, 1995, United States Patent No. 5,471,470 ("'470 patent") entitled "Computer-Based Multifunction Personal Communications System" was awarded to Multi-Tech, as

assignee of the inventors, Raghu Sharma, Jeffrey P. Davis, Timothy D. Gunn, Ping Li, Sidhartha Maitra, Ashish Thanawala, and Steve Young.

19. The Defendant has directly, indirectly, contributorily, and/or by inducement infringed one or more claims of the '470 patent in this District and elsewhere in the United States and will continue to do so unless enjoined by this Court.

20. Upon information and belief, the Defendant has knowledge of the '470 patent as a result of Multi-Tech's marking of its products pursuant to 35 U.S.C. § 287.

21. The Defendant's infringement of the '470 patent has injured Multi-Tech and will continue to do so unless enjoined by this Court.

22. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Multi-Tech hereby demands a jury trial on its cause of action for patent infringement set forth in COUNT II.

**COUNT III - PATENT INFRINGEMENT (U.S. PATENT NO. 5,600,649)**

23. Multi-Tech restates and realleges the allegations set forth in paragraphs 1 through 22 and incorporates them by reference.

24. On February 4, 1997, United States Patent No. 5,600,649 ("'649 patent") entitled "Digital Simultaneous Voice and Data Modem" was awarded to Multi-Tech, as assignee of the inventors, Raghu Sharma, Jeffrey P. Davis, Timothy D. Gunn, Ping Li, Sidhartha Maitra, Ashish Thanawala, and Steve Young.

25. The Defendant has directly, indirectly, contributorily, and/or by inducement infringed one or more claims of the '649 patent in this District and elsewhere in the United States and will continue to do so unless enjoined by this Court.

26. Upon information and belief, the Defendant has knowledge of the '649 patent as a result of Multi-Tech's marking of its products pursuant to 35 U.S.C. § 287.

27. The Defendant's infringement of the '649 patent has injured Multi-Tech and will continue to do so unless enjoined by this Court.

28. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Multi-Tech hereby demands a jury trial on its cause of action for patent infringement set forth in COUNT III.

**COUNT IV - PATENT INFRINGEMENT (U.S. PATENT NO. 5,764,627)**

29. Multi-Tech restates and realleges the allegations set forth in paragraphs 1 through 28 and incorporates them by reference.

30. On June 9, 1998, United States Patent No. 5,764,627 ("'627 patent") entitled "Method and Apparatus for a Hands-Free Speaker Phone" was awarded to Multi-Tech, as assignee of the inventors, Raghu Sharma, Jeffrey P. Davis, Timothy D. Gunn, Ping Li, Sidhartha Maitra, Ashish Thanawala, and Steve Young.

31. The Defendant has directly, indirectly, contributorily, and/or by inducement infringed one or more claims of the '627 patent in this District and elsewhere in the United States and will continue to do so unless enjoined by this Court.

32. Upon information and belief, the Defendant has knowledge of the '627 patent as a result of Multi-Tech's marking of its products pursuant to 35 U.S.C. § 287.

33. The Defendant's infringement of the '627 patent has injured Multi-Tech and will continue to do so unless enjoined by this Court.

34. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Multi-Tech hereby demands a jury trial on its cause of action for patent infringement set forth in COUNT IV.

**COUNT V - PATENT INFRINGEMENT (U.S. PATENT NO. 5,790,532)**

35. Multi-Tech restates and realleges the allegations set forth in paragraphs 1 through 34 and incorporates them by reference.

36. On August 4, 1998, United States Patent No. 5,790,532 ("'532 patent") entitled "Voice Over Video Communication System" was awarded to Multi-Tech, as assignee of the inventors, Raghu Sharma, Jeffrey P. Davis, Timothy D. Gunn, Ping Li, Sidhartha Maitra, Ashish Thanawala, and Steve Young.

37. The Defendant has directly, indirectly, contributorily, and/or by inducement infringed one or more claims of the '532 patent in this District and elsewhere in the United States and will continue to do so unless enjoined by this Court.

38. Upon information and belief, the Defendant has knowledge of the '532 patent as a result of Multi-Tech's marking of its products pursuant to 35 U.S.C. § 287.

39. The Defendant's infringement of the '532 patent has injured Multi-Tech and will continue to do so unless enjoined by this Court.

40. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Multi-Tech hereby demands a jury trial on its cause of action for patent infringement set forth in COUNT V.

WHEREFORE, Plaintiff Multi-Tech Systems, Inc., prays for judgment as follows:

1. A finding that the Defendant has directly, indirectly, contributorily and/or by inducement infringed United States Patent No. 5,452,289;

2. A finding that the Defendant has directly, indirectly, contributorily and/or by inducement infringed United States Patent No. 5,471,470;

3. A finding that the Defendant has directly, indirectly, contributorily and/or by inducement infringed United States Patent No. 5,600,649;

4. A finding that the Defendant has directly, indirectly, contributorily and/or by inducement infringed United States Patent No. 5,764,627;

5. A finding that the Defendant has directly, indirectly, contributorily and/or by inducement infringed United States Patent No. 5,790,532;

6. A preliminary and permanent injunction enjoining the Defendant and its respective agents, servants, officers, directors, employees, joint venturers and all persons acting in concert with them, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of United States Patent Nos. 5,452,289; 5,471,470; 5,600,649; 5,764,627; and 5,790,532;

7. An order that the Defendant account for and pay the Plaintiff Multi-Tech Systems, Inc., the damages to which Multi-Tech is entitled as a consequence of patent infringement, including enhanced damages pursuant to Title 35 United States Code § 284;

8. An order that Plaintiff Multi-Tech Systems, Inc., be awarded prejudgment interest and its costs, disbursements and attorneys' fees herein in accordance with Title 35 United States Code § 285; and

9. Such other and further relief as the Court may deem just and equitable.

Dated this 15 day of February, 2001.

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

BY: ______________________________

Ronald J. Schutz (#130849)
Kevin D. Conneely (#192703)
Ken R. Hall (#247017)
Darren B. Schwiebert (#260642)
Jodene Jensen (#277216)
Misti Nelc (#296090)
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402-2015
Phone: (612) 349-8500

**ATTORNEYS FOR PLAINTIFF MULTI-TECH SYSTEMS, INC.**